**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Well Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEYANA JENKINS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation; COLIN EATON, in his individual capacity as Police Officer for the CITY OF VALLEJO; JOSEPH PATZER, in his individual capacity as Police Officer for the CITY OF VALLEJO and DOES 1-50, inclusive. <br><br> Defendants. | CASE NO.: <br><br> PLAINTIFF'S COMPLAINT <br><br> JURY TRIAL DEMANDED |

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS & DAMAGES - 1

## INTRODUCTION

1. This action arises out of the April 15, 2019 incident involving Deyana Jenkins and City of Vallejo Police Officers Patzer and Eaton, wherein Ms. Jenkins was racially profiled, dragged out of her car, tased and unlawfully arrested, after Vallejo Police Officers supposedly mistook a car full of African American teenage girls for a car full of African American men.

2. Ms. Jenkins was arrested and taken to jail for allegedly resisting arrest. Tellingly, the District Attorney declined to file charges against Ms. Jenkins. Tellingly, the District Attorney declined to file charges against Ms. Jenkins.

3. This action seeks to recover damages for the physical and emotional injuries resulting from the violation of Plaintiff's rights under state and federal law.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

## PARTIES

5. Plaintiff DEYANA JENKINS is, and at all times herein mentioned was a resident of California and a natural person.

6. Defendant CITY OF VALLEJO (hereinafter referred to as "CITY") is and at all times mentioned herein a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY OF VALLEJO operates the Vallejo Police Department ("VPD")

7. Defendant COLIN EATON (hereinafter referred to as "EATON") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Police Officer for the CITY OF VALLEJO.

8. Defendant JOSEPH PATZER (hereinafter referred to as "PATZER") is and at all times mentioned herein a natural person. He is being sued in his individual capacity as a Police Officer for the CITY OF VALLEJO.

9. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or use of excessive force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave to amend their complaint subject to further discovery.

10. In engaging in the conduct alleged herein, defendant police Deputies acted under the color of law and in the course and scope of their employment with CITY OF VALLEJO. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of CITY OF VALLEJO.

11. Plaintiff timely filed her government tort claim and the claims was rejected.

**STATEMENT OF FACTS**

12. On April 15, 2019, at approximately 11:45 p.m., Plaintiff Deyana Jenkins was driving down Tennessee Street through the intersection of Sonoma Blvd., in Vallejo, when she noticed a Vallejo Police Department patrol car stopping someone at the gas station across the street from a Nations Hamburger restaurant. Ms. Jenkins was traveling with three other African-American young women. Ms. Jenkins stands a petite 5' tall and weighs a mere 110 pounds.

13. As Ms. Jenkins drove past the officers she noticed one of them flash their flashlight or flood light at her car. Ms. Jenkins proceeded to lawfully travel down the road. Before she could make it to Broadway Street, she saw a Vallejo Police Department patrol car approaching her car from behind at a very high rate of speed, causing her to pull over.

14. Defendant Vallejo Police Officers EATON and PATZER approached the car with their guns drawn and told the occupants to put their hands up. All of the terrified occupants immediately complied and inquired about why they were being stopped at gunpoint. With their hands still extended, the passengers began videotaping the incident. One of the officers alleged that someone had placed their hand outside of the window and gestured, which is not a crime in this jurisdiction or state. The occupants requested that the officers put their guns away. The occupants were told that the Officers mistook the four young women for African American men, acknowledging that African American men were the intended target of this racially motivated stop.

15. One of the Defendants approached the driver window and asked for Ms. Jenkins' driver license, with his gun still drawn. Ms. Jenkins began to look for her identification in her purse, but realized that she left her driver license in her other purse. Ms. Jenkins notified the officer that she did not have her driver license on her person and he immediately reached

into the car, grabbed her arm, handcuffed her and told her that she was resisting. Ms. Jenkins was not resisting whatsoever; nevertheless, the officer tried to drag Ms. Jenkins out of the car with her seatbelt still on. Ms. Jenkins tried to call her mother, but the officer threw her phone out of reach.

16. Officers violently dragged Ms. Jenkins out of the car and threw her face down on the ground. The officers used their knees and body weight to force her small body into the asphalt, while pulling on both of her arms, despite her full compliance. Ms. Jenkins feared for her life and believed that she was going to be murdered like her uncle Willie McCoy, who was shot and killed in February 2019, by six Vallejo Police Officers, as he began to awaken from unconsciousness.

17. Next Defendants tased Ms. Jenkins. Defendants then falsely accused her of resisting arrest, despite Ms. Jenkins being fully complaint and completely under the control of two adult men. During the incident, one of the passengers suffered a panic attack. The officers were notified that Ms. Jenkins was Willie McCoy's niece and that the young ladies were afraid for their lives.

18. During the incident, an Officer knocked the phone out of the hand of one of the car's passengers effectively preventing her from videotaping and documenting this police abuse.

19. Ms. Jenkins was taken into custody and transported to Kaiser Vallejo for medical evaluation. Prior to leaving the scene, Defendant officers told the other passengers of the car that they were not allowed to follow the patrol car to the hospital. Another officer contradicted his peers and told the passengers that they were lawfully allowed to follow Ms. Jenkins to the hospital, despite what the assailants claimed. After Ms. Jenkins completed her

medical treatment, multiple officers misdirected the young women, to prevent them from ensuring Ms. Jenkins safe arrival at the jail.

20. Ms. Jenkins was booked into Solano County Jail, where she was held for several hours after being falsely arrested for resisting arrest. In addition to a fabricated criminal charge, Ms. Jenkins was cited for infractions related to not having her driver license in her possession.

21. The District Attorney rejected this false arrest and declined to pursue charges for this unlawful and egregious incident.

22. Prior to this incident, Ms. Jenkins had never been arrested or accused of any crime. Ms. Jenkins suffered physical and emotional injuiries as a result of Defendants' violent assault, tasing and unlawful arrest.

## DAMAGES

23. Plaintiff was physically and emotionally injured and damaged as a proximate result of this egregious and unwarranted beating, including but not limited to: Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment; and violations of California statutory and common law, including Cal. Civil Code §§ 52 et seq., 52.1.

24. Plaintiff found it necessary to engage the services of private counsel to vindicate her rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. § 1983, 1985-86 and 1988 & Cal. Civil Code §§ 52 et seq., 52.1.

## FIRST CAUSE OF ACTION
### Violation of Fourth Amendment of the United States Constitution
### (EXCESSIVE FORCE - 42 U.S.C. §1983)
### (Plaintiffs Against EATON, PATZER and DOES 1-25 inclusive)

25. Plaintiff re-alleges and incorporates by reference EACH AND EVERY paragraph of this Complaint. Defendants' above-described conduct violated Plaintiffs' rights, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of force against him.

26. Plaintiff was forced to endure conscious pain and suffering because of Defendants' unconstitutional conduct

27. Defendants acted under color of law by seizing Mr. Walton, at gunpoint, without lawful justification thereby depriving him of his right to be free from unreasonable searches and seizures; and by seizing and physically attacking Plaintiff without lawful justification thereby subjecting Plaintiff to excessive force and depriving him of his right to be free from unreasonable searches and seizures. The rights violated by Defendants include, but are not limited to:

   a. The right to be free from EXCESSIVE FORCE, as guaranteed by the Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Negligence)

**(Plaintiffs Against EATON, PATZER, CITY and DOES 1-25 inclusive)**

27. Plaintiffs hereby re-allege and incorporate by reference EACH AND EVERY paragraph of this Complaint.

28. At all times, Defendants and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

29. At all times, Defendants and Does owed Plaintiff the duty to act with reasonable care.

30. These general duties of reasonable care and due care owed to Plaintiff by Defendants include but are not limited to the following specific obligations:

    a. to unreasonably arrest and/or detain without reasonable suspicion and/or probable cause

    b. to refrain from using excessive and/or unreasonable force against Plaintiff;

    c. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    d. to refrain from abusing their authority granted them by law;

    e. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

31. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

32. Defendant CITY OF VALLEJO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

33. As a direct and proximate result of Defendants' negligence, PlaintiffS sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above. WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of CALIFORNIA CIVIL CODE §52.1 – BANE ACT)**
(Plaintiff Against EATON, PATZER, CITY and DOES 1-25)

34. Plaintiff re-alleges and incorporates by reference paragraphs EACH and EVERY paragraph of this Complaint.

35. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the

following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiff's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b. Plaintiff's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

36. Excessive force, which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiff, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

37. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none was accidental or merely negligent.

38. Alternatively, Defendants violated Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

    c. Threatening Plaintiff in the absence of any threat presented by Plaintiff or any justification whatsoever;

    d. Using deliberately reckless and provocative tactics to apprehend Plaintiff in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

    e. Defendant striking and/or physically accosting Plaintiff in the absence of any threat or need for such force;

    f. Threatening violence against Plaintiff, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

    g. Using excessive, unreasonable and unjustified force against Plaintiff while they attempted to comply with the officers;

    h. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

    i. Violating multiple rights of Plaintiff;

39. Arresting Plaintiff for no reason.

40. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

41. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery)
**(**Plaintiff against EATON, PATZER, CITY and DOES 1-25**)**

42. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this

Complaint.

43. Defendants, while working as an employee for the Defendant CITY OF VALLEJO police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

44. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

45. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Assault)
**(**Plaintiff against EATON, PATZER, CITY and DOES 1-25**)**

46. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

47. Defendants, while working as an employee for the Defendant CITY OF VALLEJO police department, and acting within the course and scope of their duties, intentionally injured Plaintiff without a lawful basis.

48. As a result of the actions of the Defendant, Plaintiff suffered physical injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

49. Defendant CITY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

50. Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants Eaton, Patzer, and DOES 1 through 25 and/or each of them;

5. Any and all permissible statutory damages;

6. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a); Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law

7. For cost of suit herein incurred.

Date: September 29, 2021               Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFF